McNULTY, Judge.
Appellant was convicted by a jury of the offense of buying, receiving or aiding in the concealment of stolen goods. We reverse.
Pending trial appellant had been examined by doctors prior to a determination of his motion suggesting his incompetence to stand trial. The motion was denied. Thereafter, on the morning of trial, appellant made another motion, an oral one, for leave to change his previously entered plea of Not Guilty to one of Not Guilty By Reason of Insanity. This motion was also denied and the ensuing trial resulted in the conviction herein. It is the denial of this latter motion which forms the basis of our reversal.
At the outset, it is conceded that appellant did not comply with the provisions of Rule 3.210(b) and (c), 33 F.S.A., relating to the defense of insanity at the time of the alleged offense. However, it is unnecessary, we think, to determine whether the trial court abused its discretion in denying the motion for this reason. For a critical fact is, as admitted by the state at the oral argument before us, that on another charge against this appellant which was tried before another judge the week prior to the instant case, appellant was permitted to amend his plea to Not Guilty By Reason of Insanity and was indeed found by the jury *725 to be not guilty for such reason. The trial judge in the instant case, when considering appellant’s oral motion for entry of such plea here, was completely unaware that such a verdict was returned in favor of appellant just the preceding week. Neither of counsel informed the court of such fact then, as the record reveals, nor, incidentally, was the court apprised of such fact during a post-trial hearing on a motion for a new trial. Had the court been aware of such fact we are certain he would have permitted the entry of such a plea in the instant case or, perhaps, may even have granted a new trial. But we are compelled to reverse under the peculiar facts of this case because had the court denied the motion to amend the plea notwithstanding knowledge of the aforesaid critical fact, such denial in our view would have been a reversible abuse of discretion; so a remand for reconsideration of the matter now would be an exercise in futility. It would have been so reversible, in our view, because surely the state wouldn’t have been materially prejudiced by the granting of such motion (it having previously had the opportunity to rebut such a plea in the other case the week before and having the benefit of the expert testimony on the previous motion for incompetence to stand trial in the instant case) while the defendant was likely irrevocably prejudiced thereby. If the state were inconvenienced on the morning of the trial merely to the extent that its witnesses might not be available that day, sufficient time could easily have been given or a continuance granted so that each side might have its day on the new plea.
In any case, it appears that CrPR 3.210, supra, which, like all rules of procedure, is designed to expedite the administration of justice may well have been used to frustrate it here. In fairness to the trial judge, we reiterate that he was completely unaware of the verdict in the prior case; and since each of counsel was equally at fault in failing to inform the court thereof, we say now that neither can rely on the other’s dereliction in the premises.
Under the peculiar facts of this case the interests of justice require that appellant be awarded a new trial in which the issue of insanity at the time of the alleged offense might be fully tried.
Reversed.
HOBSON, A. C. J., and GRIMES, J., concur.